UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORTIE AND JANICE RIGGS, | § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-02765 |
| LIBERTY MUTUAL INSURANCE | § § § | |
| Defendant. | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, LIBERTY MUTUAL INSURANCE, ("Liberty Mutual") files this Notice of Removal of this action from the 157th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, the district and division in which 157th Judicial District is located.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Liberty Mutual respectfully shows this Court as follows:

1.On June 28, 2019, Plaintiffs, Wortie and Janice Riggs ("Plaintiffs"), commenced an action against Liberty Mutual in the 157th Judicial District of Harris County, Texas, entitled *Wortie and Janice Riggs v. Liberty Mutual Insurance*, pending as Cause No. 2019-44458 (the "State Court Case").  See **Exhibit A-1.**

2.On July 5, 2019, Liberty Mutual was served with citation.  See **Exhibit A-3.** Defendant Liberty Mutual received a copy of Plaintiffs' Original Petition for Relief ("Petition") in the State Court Case.  See **Exhibit A-1** and **Exhibit A-2**, p. 1.  As such, removal is timely because thirty (30) days have not elapsed since Liberty Mutual first received Plaintiffs' Petition, as required by 28 U.S.C. § 1446(b).

3. A copy of this Notice of Removal will be filed with the 175th Judicial District Court in Harris County, and a copy of this Notice of Removal will also be served on Plaintiffs. Liberty Mutual is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal with the clerk of the 11th Judicial District Court of Harris County, Texas.

4. In accordance with Local Rule 81, a copy of all processes, pleadings, and orders signed by the state judge, a copy of the state court docket sheet, a complete list of all counsel of record, together with an index of such documents, are attached hereto as **Exhibits A - B**.

5. Plaintiffs have requested trial by jury in the State Court Case.

6. Liberty Mutual has filed contemporaneously with this Notice a civil cover sheet.

### Ground for Removal:  Diversity

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

A. <u>The amount in controversy exceeds the federal minimum jurisdictional requirements</u>.

8. Plaintiffs' Petition in the State Court Case contends that its Property, which was insured under a policy of property insurance issued by Liberty Mutual, Policy No. H3729822686740 (the "Policy"), was damaged during Hurricane Harvey.  *See* **Exhibit A-2** at ¶¶ 7-8. Plaintiffs' Petition further alleges that Liberty Mutual breached the Policy by denying Plaintiffs' claim. *See id*. at ¶1-20.

9. The amount in controversy must be determined on the basis of claims in the petition as it exists at the time of removal. Plaintiff's Petition alleges that their damages sought are over $100,000, but not more than $200,000. *See* **Exhibit A-2** at ¶ 6.

10. In a pre-suit correspondence, the Plaintiffs demanded alleged contractual damages at an alleged amount of $23,076.53, additional damages such as to contents pursuant to a personal property coverage limit of $80,760; attorney's fees of $3,075, extra-contractual damages, and "all damages available at law", including, but not limited to those set forth in Texas Insurance Code, section 541.152, which allows for treble damages.

11. The Plaintiffs followed through with the threats contained in their pre-suit correspondence by actually seeking exemplary and/or treble damages pursuant to the DTPA and Tex. Ins. Co. section 541.152 (a)-(b).  *See* **Exhibit A-2** at ¶ 31.

12. For all of these reasons, the amount in controversy unquestionably exceeds $75,000, exclusive of interest and costs.

B.   There is complete diversity between Plaintiff and Liberty Mutual

13. At all times relevant hereto, the Plaintiffs, Wortie Riggs and Janice Riggs, have been citizens of the State of Texas, and not citizens of the State of Massachussets.

14. At all times relevant hereto, the Defendant, Liberty Mutual Insurance, is a corporation organized under the laws of Massachussets, with its principal place of business in Boston, Massachussets.  Accordingly, Liberty Mutual is a citizen of the State of Massachussets for purposes of determining diversity jurisdiction and is not a citizen of the State of Texas.

15. Complete diversity exists in this case and removal is proper because Plaintiffs are citizen of Texas, and Liberty Mutual is a citizen of Massachussets.

WHEREFORE, Defendant, Liberty Mutual Insurance, prays that the above-described action now pending in the 175th Judicial District Court of Harris County, Texas, be removed to this Court.

Respectfully submitted,

        */s/ Kieran W. Leary*
        KIERAN W. LEARY
        State Bar No. 24108517
        SD Bar No. 3386645
        QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 880-1825 (Telephone)
        (214) 871-2111 (Telefax)
        kleary@qslwm.com

        **ATTORNEY FOR LIBERTY MUTUAL INSURANCE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 26th day of July 2019, as follows:

Ana M. Ene, Esq.
Clark, Love & Hutson, PLLC
440 Louisiana Street, Suite 1600
Houston, TX 77002
713-757-1400
713-759-1217 (fax)
aene@triallawfirm.com

        */s/ Kieran W. Leary*
        KIERAN W. LEARY