# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORTIE AND JANICE RIGGS, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| | § | |
| Defendant. | § | |

---

## INDEX OF STATE COURT DOCUMENTS

---

| No. | Date Filed or Entered | Document |
|---|---|---|
| **A** | N/A | Index of State Court Documents |
| **A-1** | N/A | State Court Docket Sheet |
| **A-2** | 06/28/2019 | Plaintiff's Original Petition |
| **A-3** | 07/05/2019 | Citation Issued, Domestic Return Receipt |
| **A-4** | 07/26/2019 | Defendant's Original Answer and Affirmative Defenses |
| **B** | N/A | List of Counsel of Record |

# EXHIBIT A-1

**HCDistrictclerk.com**     RIGGS, WORTIE vs. LIBERTY MUTUAL INSURANCE     7/26/2019
Cause: 201944458          CDI: 7      Court: 157

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 6/28/2019 | | |
| **Case (Cause) Location** | | | |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | | |
| **Next/Last Setting Date** | N/A | | |
| **Jury Fee Paid Date** | 6/28/2019 | | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 157th |
| **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686230 |
| **JudgeName** | TANYA GARRISON |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| RIGGS, WORTIE | PLAINTIFF - CIVIL | | ENE, ANA MARIA |
| LIBERTY MUTUAL INSURANCE | DEFENDANT - CIVIL | | LEARY, KIERAN W |
| RIGGS, JANICE | PLAINTIFF - CIVIL | | ENE, ANA MARIA |
| LIBERTY MUTUAL INSURANCE (AN INSURANCE COMPANY) MAY BE SERVED | REGISTERED AGENT | | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/26/2019 | ANSWER ORIGINAL PETITION | | | 0 | | LEARY, KIERAN W | LIBERTY MUTUAL INSURANCE |
| 6/28/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 6/28/2019 | ORIGINAL PETITION | | | 0 | | ENE, ANA MARIA | RIGGS, JANICE |
| 6/28/2019 | ORIGINAL PETITION | | | 0 | | ENE, ANA MARIA | RIGGS, WORTIE |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | LIBERTY MUTUAL INSURANCE (AN INSURANCE COMPANY) MAY BE SERVED | 6/28/2019 | 7/2/2019 | 7/5/2019 | | | 73641816 | CVC/CTM SVCE BY CERTIFIED MAIL |

211 EAST 7TH STREET SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 86355177 | Defendant, Liberty Mutual Insurance's Original Answer and Affirmative Defenses | | 07/26/2019 | 7 |
| 86238541 | Domestic Return Receipt | | 07/16/2019 | 2 |
| 86081486 | Certified Mail Receipt | | 07/03/2019 | 1 |
| 86033018 | Certified Tracking Mail # 7017 1450 0001 3702 8509 | | 07/02/2019 | 2 |
| 85957698 | PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND | | 06/28/2019 | 11 |
| -> 85957701 | Civil Process Request Form | | 06/28/2019 | 1 |
| -> 85957699 | PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT LIBERTY MUTUAL INSURANCE | | 06/28/2019 | 16 |

# EXHIBIT A-2

6/28/2019 3:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34768515
By: Joshua Hall
Filed: 6/28/2019 3:00 PM

# 2019-44458 / Court: 157

CAUSE NO._____

| | | |
|---|---|---|
| WORTIE AND JANICE RIGGS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| | § | |
| *Defendant.* | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Wortie and Janice Riggs file this Original Petition against Defendant Liberty Mutual Insurance ("Liberty Mutual") and, in support of their causes of action, would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2 of the Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES

2.      Plaintiffs Wortie and Janice Riggs are Texas residents who resides in Harris County.

3.      Liberty Mutual is an insurance company engaged in the business of insurance in Texas. Liberty Mutual regularly conducts the business of insurance in a systematic and continuous manner in Texas and may be served with process by certified mail, return receipt requested, through its registered agent for service of process in the State of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

5.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. In particular, Plaintiffs' property is located in Harris County, the loss at issue occurred in Harris County, and the adjustment of the claim by Defendant for losses under the policy were conducted in Harris County. Investigations and policy and coverage misrepresentations, including communication to and from Defendant and Plaintiffs, occurred in Harris County.

6.      The damages sought are within the jurisdictional limits of this court. Plaintiffs currently seek monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## FACTUAL BACKGROUND

7.      Plaintiffs are named insureds under a residential property insurance policy issued by Liberty Mutual, policy No. H3729822686740 (the "Policy").

8.      On or about August 25-29, 2017, Hurricane Harvey, a category 4 hurricane with winds up to 130 mph, struck the Texas coast, including the Houston, Texas area, severely damaging Plaintiffs' residential property located at 8406 Flintridge Dr., Houston, TX 77028 ("the Property"). Specifically, the storm caused extensive damage to the roof, resulting in multiple storm-created openings that allowed water to enter the interior of the home. Water intrusion through those storm-created openings caused collapsed ceilings and other interior damages to

several rooms, including the living room, master bedroom, master closet, bathroom, and garage. Sufficient water penetrated the roof to cause the ceiling to collapse in several rooms, causing additional damages to Plaintiffs' personal property and flooring. Plaintiffs timely filed a claim with Liberty Mutual for their incurred covered losses, claim No. 036090600-01 (the "Claim").

9.      Liberty Mutual assigned Kyle Plummer ("Plummer) to inspect the property and adjust the loss.

10.     Plummer failed to conduct a reasonable and thorough investigation of the covered damages. Plummer did not inspect or document all the damages pointed to him and misrepresented the cause of water intrusion and interior damages. Plummer severely undervalued the cost to repair or replace several damages, and altogether failed to estimate some obvious damages.

11.     The inadequacy of Plummer's inspection is further evidenced by the estimate he prepared, which severely undervalued the covered damages Plummer observed or should have observed during her inspection.

12.     On or about September 4, 2017, Liberty Mutual relied on and approved the Plummer's "findings", and essentially denied the Claim, alleging that the "covered damages does not exceed your policy deductible."

13.     Liberty Mutual failed to thoroughly review and properly oversee the work of its assigned adjuster, ultimately approving an improper adjustment and an inadequate, unfair settlement of the Claim. Because of the unreasonable investigation by Liberty Mutual and Plummer, and other claim-handling personnel, Plaintiffs incurred and will continue to incur damages to his Property.

14.     Liberty Mutual and Plummer chose to ignore obvious damages to the Property. Liberty Mutual relied on Plummer 's inadequate investigation in making coverage decisions under

the Policy and deciding what amounts, if any, to pay on the claim, which is evidenced by estimates and reports that fail to account for the necessary repairs to the Property.

15.     Plaintiffs are entitled to receive benefits that were covered under the insurance policy. However, Liberty Mutual and Plummer performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendant has delayed payment for Plaintiffs' necessary and covered Property damages under the Policy. To date, Liberty Mutual has yet to make a full payment on the Claim.

16.     Plaintiffs were forced to hire their own representatives to inspect and evaluate the obvious damages to the Property that Defendant deliberately ignored in order to avoid payment on the Claim. Additionally, as a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain an attorney to prosecute the Claim for insurance benefits to which they are entitled.

17.     Plaintiffs' experience is not an isolated case. The wrongful acts and omissions Liberty Mutual committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty Mutual with regard to handling these types of claims. Liberty Mutual's entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of its policyholders.

## V.
## CAUSES OF ACTION

18.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

19.     Liberty Mutual had a contract of insurance with Plaintiffs. Liberty Mutual breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were damaged thereby.

20.     Due to Liberty Mutual's breach of the contract terms and continual denial of the claim, Plaintiffs continue to sustain damages to their property.

**B.     Prompt Payment of Claims**

21.     Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE. § 542.051 *et seq.* All violations made under this article are made actionable by TEX. INS. CODE §542.060.

22.     Liberty Mutual's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

23.     Liberty Mutual's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes an untimely payment of the claim, in violation of TEX. INS. CODE §542.056.

24.     The failure of Liberty Mutual to pay Plaintiffs' claim within the statutory deadlines following its receipt of all items, statements, and forms reasonably requested and required, constitutes an untimely payment of the claim, in violation of TEX. INS. CODE §542.058.

25.     Plaintiffs, therefore, in addition to Plaintiffs' claim for damages, are entitled to interest at the maximum amount permitted under TEX. INS. CODE §542.060(c) and TEX. FIN. CODE § 304.003, as well as reasonable and necessary attorney's fees.

**C.     Unfair or Deceptive Acts or Practices**

26.     Liberty Mutual is required to comply with Chapter 541 of the Texas Insurance Code.

27.     Liberty Mutual violated TEX. INS. CODE § 541.060, concerning unfair settlement practices, by:

(1)     misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

28.     Liberty Mutual violated TEX. INS. CODE § 541.061, concerning misrepresentations of insurance policy, by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

29.     At all relevant times, Plaintiffs were consumers who purchased insurance products and services from Liberty Mutual.

30.     Specifically, Liberty Mutual violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

(1)     Liberty Mutual represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Liberty Mutual failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumers into a transaction that the consumers would not have entered into had the information been disclosed;

(3)     Liberty Mutual, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by § 17.50(a)(1)(3) of the DTPA, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

31.     Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and TEX. INS. CODE § 541.152(a)-(b).

**D.     Breach of the Duty of Good Faith and Fair Dealing**

32.     The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.*, 788 SW 2d 566, 567 (Tex. 1990) (*citing Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165 (Tex. 1987)). Therefore, insureds can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

33.     Liberty Mutual and Plaintiffs are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Liberty Mutual to deal fairly and in good faith with Plaintiffs, who are the insured.

34.     Liberty Mutual breached its duty of good faith and fair dealing by:

    a. Failing to provide a reasonable basis for denial or underpayment of the claim; and/or

    b. Failing to determine whether there was a reasonable basis for denial or delay of the claim.

*Arnold*, 725 S.W.2d at 167.

35.     Specifically, Liberty Mutual underpaid Plaintiffs' claim. Defendant's misrepresentation of damages constitutes a breach of its duty of good faith and fair dealing. As fully described above, Liberty Mutual further breached its duty of good faith and fair dealing by

failing to adequately and reasonably investigate and evaluate Plaintiffs' claim, although Liberty Mutual knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.

36.     Liberty Mutual systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions Liberty Mutual committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty Mutual with regard to handling these types of claims.

37.     By virtue of its systematic wrongful denials, Liberty Mutual compels its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the policy by offering nothing or substantially less than the amount that will be recovered in a suit brought by the insured.

38.     Liberty Mutual either failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders. Liberty Mutual is knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

39.     Defendant knowingly committed the act of denying and/or underpaying claims without a reasonable basis; therefore, Plaintiffs are entitled to actual and exemplary damages at law.

**D.     Attorney's Fees**

40.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

41.   Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

42.   Plaintiffs further pray that they be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

43.   All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant. Pursuant to the statute, Plaintiffs served Defendant with a notice of intent to file suit for their claims on February 25, 2019.  That notice was provided more than sixty-one (61) days before the filing of this lawsuit.  TEX. INS. CODE § 542.003(a)

## VII.
## DISCOVERY REQUESTS

44.   Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

45.   Defendant is also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## VIII.
## JURY DEMAND

46.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury of citizens residing in Harris County, Texas, and concurrently with the filing of this petition tender the appropriate jury fee.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Wortie and Janice Riggs pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that they be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By:___ /s/ Ana M. Ene _____
     Ana M. Ene
     State Bar No. 24076368
     aene@triallawfirm.com
     **CLARK, LOVE & HUTSON, PLLC**
     440 Louisiana St., Suite 1600
     Houston, Texas 77002
     (713) 757-1400 (Office)
     (713) 759-1217 (Facsimile)

     **LEAD COUNSEL FOR PLAINTIFF**

6/28/2019 3:00:10 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34768515
By: HALL, JOSHUA E
Filed: 6/28/2019 3:00:10 PM

# 2019-44458 / Court: 157

CAUSE NO._____

| | | |
|---|---|---|
| WORTIE AND JANICE RIGGS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| | § | |
| *Defendant.* | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT LIBERTY MUTUAL INSURANCE

Plaintiffs in the above-styled cause request that Defendant Liberty Mutual Insurance (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiffs by and through their attorney of record: Ana M. Ene, **CLARK, LOVE & HUTSON, PLLC**, at 440 Louisiana Street, Suite 1600, Houston, Texas 77002.

Respectfully submitted,

By: ___*/s/ Ana M. Ene*_____
Ana M. Ene
State Bar No. 24076368
aene@triallawfirm.com
**CLARK, LOVE & HUTSON, PLLC**
440 Louisiana St., Suite 1600
Houston, Texas 77002
(713) 757-1400 (Office)
(713) 759-1217 (Facsimile)
**LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of these discovery requests were served onto Defendant as an attachment to the petition.  Therefore, Defendant received the discovery when it was served with the citation and Original Petition.

/s/ Ana M. Ene
Ana M. Ene

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at CLARK, LOVE & HUTSON, PLLC

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

     1.   Identify the document's title and general subject matter;
     2.   State its date;
     3.   Identify all persons who participated in its preparation;
     4.   Identify the persons for whom it was prepared or to whom it was sent;
     5.   State the nature of the privilege claimed; and
     6.   State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

     1.   You know the response made was incorrect or incomplete when made; or
     2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.   **"Defendant," "You," "Your(s),"** refers to Liberty Mutual Insurance, its agents, representatives, employees and any other entity or person acting on its behalf.

B.   **"Plaintiff(s)"** refers to the named Plaintiffs in the above-captioned suit, whether singular or plural.

C.   **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.   **"The Policy"** refers to the policy issued to Plaintiffs by the insurer and at issue in this lawsuit.

E.   **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiffs and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.   **"Date of Loss"** refers to the date(s) of loss identified in Plaintiffs' live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.   **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.   **"Lawsuit"** refers to the above styled and captioned case.

I.   **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.   The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.   **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.   **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.   **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.   **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.   **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT LIBERTY MUTUAL INSURANCE

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

#### ANSWER:

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiffs' claim and provide the following information for each person you identify:

      a.     their name and job title(s) as of the Date of Loss;

      b.     their employer; and

      c.     description of their involvement with Plaintiffs' Claim.

#### ANSWER:

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

      b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

#### ANSWER:

### INTERROGATORY NO. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

#### ANSWER:

### INTERROGATORY NO. 5:
If you contend that Plaintiffs did not provide you with requested information that was required to properly evaluate Plaintiffs' Claim, identify the information that was requested and not provided, and the dates you made those request(s).

#### ANSWER:

### INTERROGATORY NO. 6:
If you contend that Plaintiffs' acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

#### ANSWER:

**INTERROGATORY NO. 7:**
If you contend that Plaintiffs failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiffs failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiffs failed to mitigate damages, describe how Plaintiffs failed to do so, and identify any resulting prejudice.

    **ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT LIBERTY MUTUAL INSURANCE

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiffs for the Property that were in effect on the Date of Loss.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiffs submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiffs for the Property that were in effect during the handling of those claim(s).

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiffs' policy of insurance with you.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7
Produce all reserve information and documents which relate to the policy and the Claim.

#### RESPONSE:

**REQUEST FOR PRODUCTION NO. 8**
If you contend that any prior claims Plaintiffs submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents Plaintiffs (or any other person) provided to you related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents you provided to Plaintiffs (or any other person) related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce all reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s) relating to the Claim, the Property or damage to the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
The file from the office of Plaintiff's insurance agent concerning Plaintiffs' Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiffs' Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiffs' Claim.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, Plaintiffs' insurance agent related to the Claim, the Property, the Plaintiffs or this Lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiffs or this Lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all written and/or electronic communications you sent to, or received, from Plaintiffs and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiffs' Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your claim handling manual(s) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf, including (if any) operating guidelines and/or adjuster's manuals and/or any written implemented or adopted standards for the prompt investigation of claims arising under similar property insurance policies. If no such written guidelines, manuals, or standards have been adopted and/or implemented, respond "None."

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiffs' Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiffs' Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiffs' claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiffs' Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiffs' Property in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiffs' Property in connection with the Claim, whether pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiffs' Claim and/or any issue in Plaintiffs' live petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all documents you identified, referred to. or relied upon in answering Plaintiffs' interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiffs' live petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiffs' Property as a "catastrophe."

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
If an attorney was involved in evaluating payment or coverage of Plaintiffs' Claim pre-suit, provide all documents relating to that evaluation or recommendation.

    **RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT LIBERTY MUTUAL INSURANCE

### REQUEST FOR ADMISSION NO. 1:
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that as of the Date of Loss the Policy was in full force and effect.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that the Policy is a replacement cost value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that the Policy is an actual cash value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that you did not request a Sworn Proof of Loss from Plaintiffs in connection with the Claim at issue.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 8:
Admit that Plaintiffs timely submitted the Claim.

#### RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**
Admit that your decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Defendant's decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that Defendant's decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that you reinsured the property/risk after Plaintiffs' reported loss.

**RESPONSE:**



**Marilyn Burgess**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL

7017 1450 0001 3702 8509

LIBERTY MUTUAL INSURANCE
C/O
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN, TX 78701-3218
2019-44458  157TH

# EXHIBIT A-3

CAUSE NO.  201944458

RECEIPT NO.                          75.00      CTM
              * * * * * * * * * *          TR # 73641816

| | |
|---|---|
| PLAINTIFF: RIGGS, WORTIE<br>   vs.<br>DEFENDANT: LIBERTY MUTUAL INSURANCE | In The   157th<br>Judicial District Court<br>of Harris County, Texas<br>157TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE (AN INSURANCE COMPANY) MAY BE SERVED
  BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

  211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218
  Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND FIRST SET OF</u>
<u>INTERROGATORIES REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT</u>

This instrument was filed on the <u>28th day of June, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

  YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
  This citation was issued on 2nd day of July, 2019, under my hand and
seal of said Court.



Issued at request of:                    MARILYN BURGESS, District Clerk
ENE, ANA MARIA                           Harris County, Texas
440  LOUISIANA STREET, SUITE 1600        201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713)  757-1400
<u>Bar No.:</u> 24076368                      Generated By: HALL, JOSHUA EVERETT  GLH//11265568

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND FIRST SET OF
to the following addressee at address:

_____          _____
                                       ADDRESS

_____          Service was executed in accordance with Rule 106
(a)ADDRESSEE                            (2) TRCP, upon the Defendant as evidenced by the
                                         return receipt incorporated herein and attached
_____            hereto at

                                       _____
                                       on _____ day of _____, _____
                                       by U.S. Postal delivery to _____
                                       _____

                                       This citation was not executed for the following
                                       reason: _____
                                       _____

                                       MARILYN BURGESS, District Clerk
                                       Harris County, TEXAS

                                       By _____, Deputy

N.INT.CITM.P                    **\*73641816\***

**SENDER:** *COMPLETE THIS SECTION*

- ■ **Complete items 1, 2, and 3.**
- ■ **Print your name and address on the reverse so that we can return the card to you.**
- ■ **Attach this card to the back of the mailpiece, or on the front if space permits.**

1. Article Addressed to:

**LIBERTY MUTUAL INSURANCE**
**C/O**
**CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN, TX 78701-3218**
**2019-44458 157TH**

9590 9402 4604 8323 5802 74

2. Article Number *(Transfer from service label)*

7017 1450 0001 3702 8509

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ____ ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
KELO                                7/5/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ....Mail
☐ ....ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2019-44458

PS Form **3811**, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess

# EXHIBIT A-4

7/26/2019 10:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35454622
By: Kimberly Garza
Filed: 7/26/2019 10:23 AM

CAUSE NO. 2019-44458

| | | |
|---|---|---|
| WORTIE AND JANICE RIGGS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 157th JUDICIAL DISTRICT |
| | § | |
| | § | |
| LIBERTY MUTUAL INSURANCE, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT, LIBERTY MUTUAL INSURANCE'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Liberty Mutual Insurance, Defendant in the above-entitled and numbered cause, filing this its Original Answer and Affirmative Defenses to Plaintiffs' Original Petition for Relief, and would respectfully show the Court as follows:

### I.   GENERAL DENIAL

Defendant denies all and singular the allegations contained in Plaintiffs' Original Petition for Relief and demands strict proof thereof.

### II.   AFFIRMATIVE DEFENSES

***First Affirmative Defense***

Liberty Mutual Insurance did not issue an insurance policy to the plaintiffs. The company which issued a policy ("Policy") to the plaintiffs is Liberty Insurance Corporation.


EXHIBIT
A-4

### *Second Affirmative Defense*

The Policy does not provide coverage for loss to the Plaintiffs' Property located at 8406 Flintridge Drive ("Property") caused by collapse except as provided in **E.8.** Collapse under Section I—Property Coverages.

### *Third Affirmative Defense*

The Plaintiffs' Property did not sustain a collapse as set forth in **E.8.** Collapse under Section I—Property Coverages of the Policy.

### *Fourth Affirmative Defense*

The Policy does not provide coverage for loss to the Plaintiffs' Property caused by wear and tear, marring, deterioration.

### *Fifth Affirmative Defense*

The Policy does not provide coverage for loss to the Plaintiffs' Property caused by mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself.

### *Sixth Affirmative Defense*

The Policy does not provide coverage for loss to the Plaintiffs' Property caused by seepage.

### *Seventh Affirmative Defense*

The Policy does not provide coverage for loss to the Plaintiffs' Property or to their Personal Property caused by water damage as set forth in Section I—Exclusions, **A. 3. Water Damage**.

### Eighth Affirmative Defense

The Policy does not provide coverage for loss to the Plaintiffs' Property or to their Personal Property caused by neglect as set forth in Section I—Exclusions, **A. 5. Neglect.**

### Ninth Affirmative Defense

The Policy does not provide coverage for loss to the Plaintiffs' Property caused by faulty, inadequate or defective:

        **a.**    Planning, zoning, development, surveying, siting;

        **b.**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **c.**    Materials used in repair, construction, renovation or remodeling; or

        **d.**    Maintenance;

as set forth in Section I—Exclusions, **B. 3.**

### Tenth Affirmative Defense

Even assuming the existence of a covered loss to the Property or to Personal Property, which Defendant expressly denies, the Plaintiffs' claims are time-barred by the Policy's Suit Against Us provision to the extent they relate to loss or damage which existed prior to the expiration of the parties' contractually-agreed upon time limitation for suit.

### Eleventh Affirmative Defense

Even assuming the existence of a covered loss to the Property or to Personal Property which Defendant expressly denies, the amount of the Plaintiffs' claim which would be covered under the Policy did not exceed the applicable deductible.

### Twelfth Affirmative Defense

Even assuming the existence of a covered loss to the Property, which Defendant expressly denies, the Plaintiffs did not sustain any damage to Personal Property caused by Hurricane Harvey.

### Thirteenth Affirmative Defense

Even assuming the existence of a covered loss to the Property, which Defendant expressly denies, the Plaintiffs did not make a cognizable claim for loss to Personal Property caused by Hurricane Harvey.

### Fourteenth Affirmative Defense

Even assuming the existence of a covered loss to Personal Property, which Defendant expressly denies, the Plaintiffs failed to give prompt notice of loss as required under Section I—Conditions, B. 1. Your Duties After Loss. As Liberty was prejudiced by this failure, any claim for loss to Personal Property occasioned by Hurricane Harvey is barred.

### Fifteenth Affirmative Defense

Even assuming the existence of a covered loss to their Property and  to Personal Property, which Defendant expressly denies, the Plaintiffs failed to protect the property from further damage as required by Section I—Conditions, B. 1. Your Duties After Loss. As Liberty was prejudiced by this failure, any claim for loss to their Property or to Personal Property occasioned by Hurricane Harvey is barred.

### Sixteenth Affirmative Defense

Even assuming the existence of a covered loss to their Property and to Personal Property, which Liberty expressly denies, the Plaintiffs failed to cooperate in the investigation of a claim as required by Section I—Conditions, B. 1. Your Duties After Loss. As Liberty was prejudiced

by this failure, any claim for loss to their Property or to Personal Property occasioned by Hurricane Harvey is barred.

### Seventeenth Affirmative Defense

Even assuming the existence of a covered loss to Personal Property, which Liberty expressly denies, the Plaintiffs failed to prepare and provide an inventory of damaged personal property as required by Section I—Conditions, B. 1. Your Duties After Loss. As Liberty was prejudiced by this failure, any claim for loss to Personal Property occasioned by Hurricane Harvey is barred.

### Eighteenth Affirmative Defense

Even assuming the existence of a covered loss to their Property or to Personal Property, which Liberty expressly denies, the amount of the Plaintiffs' claims are barred to the extent they seek an amount in excess of applicable coverage limits.

### Nineteenth Affirmative Defense

Even assuming the existence of a covered loss to their Property or to Personal Property, which Liberty expressly denies, the amount of the Plaintiffs' claims are barred to the extent they seek an amount in excess of applicable coverage limits.

### Twentieth Affirmative Defense

The Plaintiffs' original petition fails to state a claim upon which relief can be granted.

### III.      CONDITIONS PRECEDENT

Defendant denies that all conditions precedent have been fully performed by the Plaintiffs or have been waived by Liberty.

**a. Texas Insurance Code 541.154**

The Plaintiffs allege violations of the Texas Deceptive Trade Practices Act, but have not complied with the requirements of Texas Insurance Code 541.154 in that:

a.      The Plaintiffs did not advise Defendant of their specific complaint by providing reasonable factual details to support a claim that payments are owed for "additional damages" such as to "contents";

b.      The Plaintiffs did not provide an amount of claimed actual damages or expenses for "additional damages" such as to "contents";

c.      The Plaintiffs did not provide a sufficient basis for the amount of claimed actual damages or expenses owed by Liberty for alleged covered damages to the Property; and

d.      The Plaintiffs did not advise Liberty of the attorneys' fees reasonably incurred in asserting the claim against Liberty.

**b. Texas Insurance Code 542A.003**

The Plaintiffs have additionally failed to comply with the requirements of Texas Insurance Code 542A.003 in that:

a.      The Plaintiffs did not provide a statement of the alleged acts or omissions giving rise to their claim for additional damages such as "additional damages" to "contents";

b.      The Plaintiffs did not provide a specific total amount alleged to be owed for the claim for damage or loss to their covered property; and

c.      The Plaintiffs failed to provide notice of the amount of reasonable and necessary attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiffs take nothing by this lawsuit, and for such other and further relief, at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

*/s/ Kieran W. Leary*
KIERAN W. LEARY
State Bar No. 24108517
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1825 (Telephone)
(214) 871-2111 (Telefax)
kleary@qslwm.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on the 26th day of July 2019, a true and correct copy of the foregoing was served via TexFile, facsimile or U.S. Mail on all counsel of record pursuant to the Texas Rules of Civil Procedure:

Ana M. Ene, Esq.
Clark, Love & Hutson, PLLC
440 Louisiana Street, Suite 1600
Houston, TX 77002
713-757-1400
713-759-1217 (fax)
aene@triallawfirm.com

*/s/ Kieran W. Leary*
KIERAN W. LEARY